UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WELLS FARGO BANK NA,

                          Appellant,

v.

PAMELA A. THOMPSON and
DENNIS E. THOMPSON,

                          Appellees.

Case No. 15-CV-941-JPS

ORDER

---

       This is the third appeal to this Court for this eleven-year-old bankruptcy matter. Wells Fargo appeals the bankruptcy court's latest order dated July 22, 2015 (Docket #1). For the reasons stated below, the Court will affirm.

1.     JURISDICTION AND STANDARD OF REVIEW

       Wells Fargo timely filed its Notice of Appeal (Docket #1) on August 5, 2015, fourteen days after the bankruptcy court's latest memorandum and order (Docket #1-2, 3-1 at 405). Bankr. R. 8002(a)(1). This Court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo. In re Marcus-Rehtmeyer*, 784 F.3d 430, 436 (7th Cir. 2015).

2.     PROCEDURAL HISTORY

       On May 29, 2015, the Court ruled on appeals by each party regarding the bankruptcy court's October 21, 2014 order. *Thompson v. Ocwen Loan Servicing, LLC*, Nos. 14-CV-1502-JPS, 14-CV-1522-JPS, 2015 WL 3454726 (E.D. Wis. May 29, 2015).[1] The Court disposed of all issues in those appeals save one: whether the bankruptcy court had authority to order Wells Fargo to

---

[1] Each party filed separate appeals which were separately docketed. The matters were consolidated for purposes of this Court's order.

reimburse the Thompsons' direct payments *to* the Thompsons themselves (Reimbursement Order). *Id.* at *6. The Reimbursement Order was vacated, and the cause remanded. *Id.* at *8.

On July 22, 2015, the bankruptcy court issued a "Memorandum Decision on Remand" (Remand Decision) addressing this Court's concerns regarding the authority issue. (Docket #1-2). The bankruptcy court maintained that Wells Fargo was obliged to refund the Thompsons' payments and gave various reasons in support. The bankruptcy court revised the Reimbursement Order in one respect, however, directing that the refund be paid to the Thompsons' trustee. (Revised Order, Docket #3-1 at 405). Wells Fargo now appeals that revised order.

3.   FACTS RELEVANT TO THIS APPEAL

   3.1   Brief Litigation History

The Thompsons originally objected to Wells Fargo's proof of claim regarding their home mortgage in 2005.[2] The parties litigated for years to resolve various issues on the claim. On March 19, 2013, the bankruptcy court disallowed the claim (after having previously allowed it) because an evidentiary hearing showed that Wells Fargo could not properly support its claim to be the holder of the Thompsons' mortgage. This Court affirmed that determination on January 7, 2014.

Afterwards, the Thompsons filed motions seeking, *inter alia*, return of their voluntary payments to Wells Fargo during the bankruptcy, made prior to the claim being disallowed (Reimbursement Motion). On October 21, 2014, the bankruptcy court granted the Thompsons' requested relief and ordered

---

[2] These facts are taken largely from the bankruptcy court's memorandum and order currently on appeal (Docket #1-2, 3-1 at 405) and this Court's previous order in this matter issued on May 29, 2015, *Thompson*, 2015 WL 3454726 at *1-3.

Wells Fargo to disgorge $73,041.49 to the Thompsons. Both parties appealed; Wells Fargo sought to avoid disgorgement entirely, and the Thompsons wanted other relief which the bankruptcy court had denied. On May 29, 2015, this Court addressed each point and affirmed the bankruptcy court on all save one.

### 3.2 The May 29, 2015 Appeal Order

As noted above, this Court disposed of all but one point on appeal in the May 29, 2015 order. In relevant part, this Court noted that the bankruptcy court failed to provide statutory or other legal authority for the Reimbursement Order. *Thompson*, 2015 WL 3454726 at *3. This Court examined the Reimbursement Order and found three potential bases to support it:

> (1) a finding that allowing Wells Fargo to keep the payments would constitute unjust enrichment; (2) a finding that allowing Wells Fargo to keep the payments would be inequitable; or (3) the fact that the disgorgement was "part and parcel" of the claims allowance process.

*Id.* at 5.

Under the first two bases, the bankruptcy court appeared to run afoul of the Bankruptcy Code's procedural protections. Namely, by construing the Reimbursement Motion as an equitable request for money, it should have required the Thompsons to file an adversary proceeding—what amounts to be a regular civil lawsuit within a bankruptcy case. *Thompson*, 2015 WL 3454726 at *5; *see* Bankr. R. 3007(b) ("A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."); Bankr. R. 7001(1) and (7) ("The following are adversary

proceedings: (1) a proceeding to recover money or property[;]…(7) a proceeding to obtain an injunction or other equitable relief[.]").

Under the third basis, this Court questioned whether the bankruptcy court had authority to require disgorgement directly to the Thompsons. *Thompson*, 2015 WL 3454726 at *5. The Court did not find such authority in 11 U.S.C. § 502(j), which seemed to only allow funds to be returned to the trustee. 11 U.S.C. § 502(j) ("This subsection does not alter or modify *the trustee's right* to recover from a creditor any excess payment or transfer made to such creditor."). It could not locate any other authority "that supports a broad power for bankruptcy courts to reconsider earlier allowances of claims and to thereafter return payments." *Thompson*, 2015 WL 3454726 at *5. Because the Reimbursement Order appeared unfounded, this Court was compelled to vacate it and remand.

### 3.3 The Remand Decision

The Remand Decision was intended "to clarify under what authority the [bankruptcy] Court acted in issuing the [Reimbursement Order]." (Docket #1-2 at 2). It stated that the Reimbursement Order was issued as "part and parcel" of the proof of claims allowance process. *Id.* The Remand Decision noted that, as a Chapter 13 debtor, the Thompsons had standing to move the bankruptcy court to bring the Reimbursement Motion. *Id.* at 9. The bankruptcy court treated the Thompsons' motion as one pursuant to 11 U.S.C. § 502(j), requesting a reconsideration of Wells Fargo's claim "for cause…according to the equities of the case."

Viewing the motion as an equitable request for return of the improper payments, the Remand Decision held that the balance of the equities favored the Thompsons. (Docket #1-2 at 10). The bankruptcy court specifically noted that allowing Wells Fargo to keep the Thompsons' improper payment

"constitute[d] unjust enrichment." *Id.* It further found that disgorgement of those payments was an appropriate remedy. *Id.* at 9-10. The Remand Decision cited authority for this proposition in *In re Windom*, 284 B.R. 644 (Bankr. E.D. Tenn. 2002). *Windom* collected authority which allowed for disgorgement upon objection by either the trustee or the debtor. *In Re Windom*, 284 B.R. 644, 648 (Bankr. E.D. Tenn. 2002).

Addressing this Court's concern in the May 29, 2015 order, *Thompson*, 2015 WL 3454726 at *5, the Remand Decision acknowledged that the payee of the disgorgement should be the trustee. (Docket #1-2 at 11). As explained in *Thompson*, this is all that Section 502(j) permits. The Remand Decision further noted that:

> this solution better comports with § 502(j) and advances the policy that creditors with legitimate claims should benefit from the [Thompsons]' recovery of funds paid to a creditor whose claim has been disallowed. If the [Thompsons] had not paid these excessive payments on a disallowed claim, they may have had more disposable income available to pay other creditors more and faster.

(Docket #1-2 at 11). Practically, the disgorged money will likely return to the Thompsons anyway; their case is so old that all of their other creditors have been paid, so the trustee will have no use for the funds. *Id.* at 12. Still, the Remand Decision and its related order modified the Reimbursement Order to properly direct the disgorgement to the trustee. *Id.*

The Remand Decision offered an alternative ground for upholding the Reimbursement Order. As noted in this Court's May 29, 2015 order, *Thompson*, 2015 WL 3454726 at *5, under Bankruptcy Rules 3007 and 7001, findings of unjust enrichment and/or inequity suggest that an adversary proceeding was required to enable the bankruptcy court to properly reconsider the claim and impose disgorgement. The Remand Decision stated

Page 5 of 8

Case 2:15-cv-00941-JPS   Filed 04/21/16   Page 5 of 8   Document 8

that the bankruptcy court treated the Reimbursement Motion as a "contested matter" under Bankruptcy Rule 9014. (Docket #1-2 at 13). In doing so, Wells Fargo was afforded a level of due process equal, or nearly equal, to that it would have found in an adversary proceeding. *Id.* at 12-15. Wells Fargo participated in litigating the Reimbursement Motion without alerting the bankruptcy court to its desire to transform the matter into an adversary proceeding. *Id.* Thus, the Remand Decision found that any potential error in failing to use the adversary proceeding mechanism was harmless. *Id.* at 15.

4. ANALYSIS

The bankruptcy court's Remand Decision precisely addressed this Court's concern for authority on which to base the Reimbursement Order. It choose the "third base" from the May 29, 2015 order—that the disgorgement was "part and parcel" of the claims allowance process—and modified the Reimbursement Order in line with what 11 U.S.C. § 502(j) permits. Namely, the bankruptcy court changed the payee of the disgorgement from the Thompsons to the trustee (Docket #3-1 at 405).

There exists more than adequate authority for the propriety of the Reimbursement Order as modified. Courts have found support for disgorgement in the trustee's authority to recover overpayments to creditors. *In re Talbot*, 124 F.3d 1201, 1209 (10th Cir. 1997); *In re Stevens*, 130 F.3d 1027, 1031 (11th Cir. 1997); *In re Windom*, 284 B.R. 644, 648 (Bankr. E.D. Tenn. 2002); *In re R & W Enterprises*, 181 B.R. 624, 645 (Bankr. N.D. Fla. 1994). As discussed above, this disgorgement is contemplated by 11 U.S.C. § 502(j). *See In re Sims*, 278 B.R. 457, 477 (Bankr. E.D. Tenn. 2002); *R & W Enterprises*, 181 B.R. at 645. Though motions for disgorgement are usually brought by the trustee, the debtor also has standing to assert such claims. *Id.* at 484; *In re Clifford*, 255 B.R. 258, 260, 266-67 (D. Mass 2000)*; Windom*, 284 B.R. at 648-49. As this Court

noted previously, there is support for paying the disgorged funds to the trustee, *In re Barker*, 306 B.R. 339, 351-52 (Bankr. E.D. Cal. 2004), but none for refunding them directly to the debtor.

Wells Fargo's relevant argument to the contrary is unpersuasive. First, Wells Fargo argues that *Windom* is inapposite because its relevant statements were *dicta.* (Docket #5 at 11-12). This is incorrect. Though *Windom* did not ultimately side with the debtor, it reached the issues cited by the bankruptcy court. The *Windom* court analyzed disgorgement law, weighed the equities, and held that debtors had waited too long to assert their request for disgorgement. *Windom*, 284 B.R. at 649-49. *Windom*'s discussion is helpful and, signficantly, Wells Fargo does nothing to distinguish any of its citations (many of which are also cited above).

Wells Fargo's second position is similarly unmoving. Wells Fargo claims that the bankruptcy court exceeded its equitable powers provided generally to such courts under 11 U.S.C. § 105(a). (Docket #5 at 12). It then states, without citation, that the bankruptcy court erred in "resolv[ing] a demand for affirmative recovery of money under the auspices of an equitable remedy flowing from a disallowed claim." *Id.* at 13. As shown by the above cases, disallowing the claim and requiring disgorgement were well within the bankruptcy court's powers.

The Remand Decision rested the Reimbursement Order in the claims allowance process and, as explained above, the Court found this proper. Thus, the Court need not reach any of the parties' other arguments, including concerns regarding adversary proceedings or the harmlessness of any related error.

5. CONCLUSION

The bankruptcy court properly founded its Remand Decision within the established confines of 11 U.S.C. § 502(j) and related case law. The Court will, therefore, uphold the modified Reimbursement Order (Docket #3-1 at 405) and deny Wells Fargo's appeal.

Accordingly,

IT IS ORDERED that the order of the bankruptcy court under review be and the same is hereby AFFIRMED; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge